[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 9, 2008
THOMAS K. KAHN
CLERK

No. 08-10864
Non-Argument Calendar
_____

D. C. Docket No. 06-20763-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ROSENTHAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 9, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

David Rosenthal appeals from his sentence of 24 months' imprisonment and supervised release for life, imposed after his conviction for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2)(B). On appeal, Rosenthal

argues that: (1) the district court improperly imposed a condition of supervised release that he be subject to suspicionless searches by a supervising probation officer, pursuant to a retroactive application of the Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"); and (2) his life term of supervised release was substantively unreasonable. After careful review, we affirm.

We ordinarily review the imposition of a special condition of supervised release for abuse of discretion, but where objections were not preserved for appeal, we review for plain error. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003). "To find reversible error under the plain error standard, we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." United States v. Richardson, 304 F.3d 1061, 1064 (11th Cir. 2002) (quotation omitted). If we conclude that all three elements are present, we may reverse the error to prevent a miscarriage of justice and "will reverse for plain error affecting substantial rights if the error so seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotations and ellipsis omitted). We review the ultimate sentence imposed by a district court for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we reject Rosenthal's argument that the district court plainly erred in requiring him to submit to suspicionless searches as a condition of his supervised release. Section 3583 of Title 18, United States Code mandates certain conditions of supervised release, but allows the district court to impose any other condition of supervised release it deems appropriate, so long as it is reasonably related to certain factors enumerated in 18 U.S.C. § 3553(a), and so long as the conditions involve "no greater deprivation of liberty than is reasonably necessary" for the purposes set forth in § 3553(a) and are consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d); Zinn, 321 F.3d at 1089 (quoting U.S.S.G. § 5D1.3(b)).

Although a condition of supervised release is itself immediately appealable, "specific challenges to the implementation" of the condition are not necessarily ripe. See Zinn, 321 F.3d at 1088-89 (emphasis omitted). In other words, a defendant has no cognizable constitutional claim if there is no potential violation of his constitutional rights. Id. at 1091-92. Instead, he may raise his constitutional claim when he is forced to submit to a violation of his rights. Id. at 1092.

The Walsh Act was enacted on July 27, 2006. Pub. L. No. 109-248, 120 Stat. 587 (July 27, 2006). Section 210 of the Walsh Act amended 18 U.S.C. § 3583(d) by adding the following:

3

The court may order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

Id., § 210.

The Fourth Amendment protects people against "unreasonable searches and seizures," and provides that warrants must be supported by probable cause. U.S. Const. amend. IV. An exception to the warrant and probable-cause provisions exists for "special needs," including the supervision of people on supervised release. Griffin v. Wisconsin, 483 U.S. 868, 873-75 (1987). Thus, the Supreme Court has upheld warrantless searches of probationers' homes based on reasonable suspicion. United States v. Knights, 534 U.S. 112, 121-22 (2001). We have recognized the similarity between probation and supervised release. United States v. Gaskell, 134 F.3d 1039, 1044 (11th Cir. 1998); United States v. Frazier, 26 F.3d 110, 113-114 (11th Cir. 1994).

Rosenthal's search condition authorizes "periodic unannounced searches . . . at any time, with or without warrant by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a

4

condition of probation or supervised release." The plain language of this condition clearly requires reasonable suspicion for searches. And, even if Rosenthal is correct that application of the § 3583(d) search provision would raise retroactivity and ex post facto concerns, such concerns are not relevant to this appeal because, as Rosenthal acknowledges, the Supreme Court has upheld warrantless searches based on reasonable suspicion. See Knights, 534 U.S. at 121-22 (concerning probation). Thus, because the district court imposed a search condition that requires reasonable suspicion and is authorized by controlling law, the district court did not err, much less plainly err, in imposing the condition. Accordingly, we affirm the search condition in Rosenthal's term of supervised release.[1]

We likewise find no merit in Rosenthal's contention that the district court's imposition of a life term of supervised release was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,

---

[1] To the extent Rosenthal argues that he is entitled to relief because a future probation officer may interpret his search condition to allow suspicionless searches, this possible implementation of the condition is not ripe for review. See Zinn, 321 F.3d at 1089, 1091-92. Rosenthal can only raise this claim if he ever is subjected to a suspicionless search based on the condition of his supervised release. See id. at 1092.

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[2] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Rosenthal does not argue that the imposition of a life term of supervised release was procedurally unreasonable, and has not shown that it was substantively unreasonable. The record reflects that the district court considered the arguments of the parties, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public, and the need for

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

correctional treatment.  In light of these factors and the range of reasonable terms of supervised release, we cannot say that it was an abuse of discretion for the district court to conclude that a life term of supervised release was necessary to comply with the purposes of 18 U.S.C. § 3553.  <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(C), (D).  Indeed, Rosenthal's guideline term of supervised release was five years to life, and the statutory maximum term was life.  <u>See</u> 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b).  Thus, his life term of supervised release was within the guideline range, and did not exceed the statutory maximum.  <u>See</u> <u>Rita</u>, 127 S. Ct. at 2462 (holding that a court of appeals may afford a presumption of reasonableness to a within-Guidelines sentence); <u>United States v. Campbell</u>, 491 F.3d 1306, 1314 n.8 (11th Cir. 2007) (noting that, although we have not normally afforded a within-Guidelines sentence a presumption of reasonableness, the <u>Rita</u> decision calls that policy into question).  Accordingly, we affirm Rosenthal's sentence, including his life term of supervised release.

**AFFIRMED.**